IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17-cr-129-03 |
| v. ) | |
| ) | |
| PATRICK JAMES WILSON, ) | **PLEA AGREEMENT** |
| ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Christopher C. Myers, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, the defendant, Patrick James Wilson, and defendant's attorney, Challis Williams, hereby agree to the following:

1. The defendant acknowledges that the Superseding Indictment charges the Defendant with the offenses of:

    Count One: Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, in violation of Title 21, United States Code, Section 846; and,

    Count Two: Distribution of Oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

2. The defendant has read the charges against defendant in the Superseding Indictment, and defendant's attorney has fully explained the charges contained in the Superseding Indictment to defendant. The defendant fully understands the nature and

elements of the crimes with which defendant has been charged in the Superseding Indictment.

3. The defendant and the attorney for the defendant acknowledge that the defendant has been apprised of all plea offers made by the United States and knowingly and intelligently accepts the terms of this Plea Agreement.

4. The defendant will voluntarily plead guilty to the charge contained within Count One of the Superseding Indictment, that is, the offense of Conspiracy to Distribute Oxycodone in violation of 21 U.S.C. § 846.

5. The parties agree that this Plea Agreement shall be filed and become a part of the Court record, and will be governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations that it has agreed to make, as specified in this Plea Agreement, then the defendant acknowledges that this agreement will have been fulfilled and that defendant will have no right to withdraw defendant's guilty plea if the Court does not follow those recommendations.

6.      The defendant will plead guilty because defendant is in fact guilty of the charge contained in Count One of the Superseding Indictment. In pleading guilty to this charge, the defendant acknowledges the following factual basis for the offense:

**<u>Count One:</u>**

Beginning in or about 2016 and continuing until in or about June 2017, in the District of North Dakota, the Defendant PATRICK JAMES WILSON knowingly and intentionally combined, conspired, confederated, or agreed with others to distribute or possess with intent to distribute prescription pills containing a detectable amount of oxycodone, a Schedule II controlled substance.

In furtherance of this conspiracy, or to effect or accomplish the objects of it, the Defendant PATRICK JAMES WILSON committed the following overt acts:

A.      Beginning in or about 2016 and continuing until in or about June 2017, PATRICK JAMES WILSON acquired, with intent to distribute, prescription pills containing oxycodone (generally 30 mg pills) in the State of Michigan;

B.      PATRICK JAMES WILSON transported prescription pills containing oxycodone to North Dakota by automobile, airplane, or otherwise;

C.      PATRICK JAMES WILSON distributed prescription pills containing oxycodone to Tashena and Michael Enno, and/or others, on a "front" in and around New Town, ND, with intent that Tashena and Michael Enno would

3

thereafter sell the pills and return money from those sales to PATRICK JAMES WILSON and/or his associates;

  E. On or about March 9, 2017, PATRICK JAMES WILSON and Dwight Grimes were found in possession of over $65,000 in United States currency in a hotel room at the Super 8 Motel in Bismarck, ND. PATRICK JAMES WILSON agrees that this money was proceeds of the distribution of oxycodone pills;

7. The defendant understands that the count within the Superseding Indictment to which defendant will plead guilty carries the following maximum penalties:

  Count One:

  Imprisonment: 20 years
  Fine: $1,000,000
  Supervised Release: 3 years (minimum of 3 years)
  Special Assessment: $100

The defendant agrees that defendant will pay to the Clerk of United States District Court the $100 special assessment on or before the day of sentencing.

8. The defendant understands that by pleading guilty defendant surrenders certain rights, including the following:

  (a) The right to a speedy public jury trial with all of the rights pertaining thereto, as follows:

4

(i)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause, where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict defendant unless, after hearing all of the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(ii)    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(iii)   At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and defendant's attorney would be able to cross examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily,

defendant could require their attendance through the subpoena power of the Court.

(iv) At a trial the defendant would have a privilege against self-incrimination so that defendant could decline to testify and no inference of guilt could be drawn from defendant's refusal to testify. If the defendant desired to do so, defendant could testify in defendant's own behalf.

(b) The right to remain silent. The judge will likely ask the defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9. The defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph and that there will be no trial. The defendant's attorney has explained those rights to defendant, and the consequences of defendant's waiver of those rights.

10. The parties acknowledge that the court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual (Nov. 2016)(USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct regarding the charges against defendant, and

related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

11.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota.  This agreement does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor.  They remain free to prosecute the defendant for any offenses under their jurisdictions.  This Plea Agreement also does not bar or compromise any civil or administrative claim pending or that may be made against the defendant.

12.     The defendant understands that the United States Attorney reserves the right to notify any state or federal agency by whom the defendant is licensed, or with whom defendant does business, of the defendant's conviction.

13.     The parties agree the following Sentencing Guidelines will apply in this case:

   USSG § 2D1.1(a)(5)&(c)(6)  28  BOL: 700 – 1,000 kg marijuana
                      (converted per App. Note 8)

14.     The United States agrees to recommend at sentencing a 2-level downward adjustment for acceptance of responsibility, provided that the defendant has demonstrated a genuine acceptance of responsibility for her actions.  (USSG 3E1.1(a))  If the total offense level is 16 or greater, the United States further agrees to move for an additional 1-

level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b))

15. Both parties acknowledge that neither the Probation Office nor the Court are bound by the agreement of the parties as to the Sentencing Guidelines, and that the Court may impose a sentence anywhere within the applicable Sentencing Guidelines range, and that the Court may depart or vary upward or downward from that range if the Court, on the record, indicates what factors exist that were not contemplated by the Sentencing Guidelines Commission which justify the upward or downward departure, or what sentencing factors within 18 U.S.C. § 3553(a) justify an upward or downward variance from the Sentencing Guideline range. Both parties reserve the right to object to any departure or variance from the applicable Sentencing Guideline range proposed by the Court on its own motion.

16. Inclusion of the parties' expectations as to the applicable Sentencing Guidelines in this Plea Agreement is not a guarantee to the Defendant that those Sentencing Guidelines will, in fact, be included within the Pre-Sentence Investigation Report ("PSR") or be found to apply by the sentencing Court at the sentencing hearing. The PSR will include a Sentencing Guidelines calculation. Both parties' will have an opportunity to object to the Sentencing Guidelines calculations contained within the PSR. The inclusion of Sentencing Guidelines within this Plea Agreement does not preclude

8

either party from objecting to any of the Sentencing Guidelines contained within the PSR, nor does such inclusion prevent either party from advocating for or against application of other Sentencing Guidelines contained within the PSR that are not included within this Plea Agreement.

Inclusion of any upward or downward adjustment not contained within this Plea Agreement in the sentencing court's determination of the sentencing guideline range at the sentencing hearing does not entitle Defendant a right to appeal beyond that provided within the paragraph identified as "Appeal Waiver" below.

17. At the time of sentencing, the United States will:

    (a) recommend a sentence of imprisonment within the Guideline sentencing range calculated by the Court at the sentencing hearing;

    (b) recommend the defendant be ordered to serve a 3 year term of supervised release;

    (c) recommend the defendant be ordered to pay the applicable special assessment; and

    (d) move to dismiss the remaining count of the Superseding Indictment.

18. The Defendant may recommend any sentence, including any departure or variance from the Sentencing Guideline range, that defendant believes is appropriate, provided Defendant notifies the United States of Defendant's intent to do so within the

time frame for filing a sentencing memorandum pursuant to local court rule 32.1(B) (5 business days prior to sentencing hearing).

    19.    The defendant acknowledges and understands that if defendant:

        (a)    violates any term of this Plea Agreement,

        (b)    engages in any further criminal activity regardless of jurisdiction, severity or whether a conviction results from the charges,

        (c)    violates any term of defendant's conditions of release regardless of whether a petition is filed or of the ultimate disposition of any petition that is filed,

        (d)    has, after being charged with the offense(s) in this case, provided false information to any federal, state or local law enforcement officer or any state or federal probation/pre-trial services officer, including any statements made in any proffer interview(s) in connection with this case, either prior to entry into this plea agreement or at any time after entry into this plea agreement,

        (e)    engages in any form of obstruction of justice, or

        (f)    fails to appear for the change of plea hearing, sentencing hearing, or any other hearing in this matter,

this Plea Agreement shall become null and void, in whole or in part, at the discretion of the United States, and the defendant will face the following consequences: (1) all

testimony and other information he has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury, may and will be used against him in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the defendant and to use any information obtained directly or indirectly from the defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement, including but not limited to its agreement to recommend a certain sentence in the case.

20. The defendant acknowledges that defendant has read each of the provisions of this entire Plea Agreement, with the assistance of counsel, and understands its provisions. The defendant and defendant's attorney have discussed the case and the defendant's Constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

21. **Restitution**: The defendant acknowledges the provisions of Title 18, United States Code, Section 3663A, that require the Court to issue an order of restitution, and agrees to accept responsibility for paying such amount under such terms as may be ordered by the Court. The defendant acknowledges and agrees that the Court will order him to make restitution for all loss caused by defendant's conduct, regardless of whether

a count or counts of the Indictment will be dismissed as part of this Plea Agreement.

The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

22. **Financial Disclosures**. The Defendant agrees that, before sentencing, Defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets valued at more than $1,000 owned or held directly or indirectly by the Defendant. The Defendant shall also identify assets valued at the more than $5,000 which have been transferred to third parties since August 30, 2017 (the date of the Defendant's initial appearance in this matter), including the location of the assets and the identity of the third party(ies).

The parties will jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until any fine, restitution, or forfeiture money judgment is paid in full.

The parties will also jointly recommend that as a condition of probation or supervised release, the Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or

indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnerships, and/or corporations.

23. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

24. It is understood by the parties that the sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties provided by law.

25. **Appeal Waiver**: Defendant waives defendant's right to appeal defendant's conviction and the Court's entry of judgment against defendant, including an appeal of any motions, defenses, probable cause determinations, and objections which defendant has asserted in this case. The defendant also waives any right to appeal defendant's sentence under 18 U.S.C. § 3742(a) as recognized and permitted by United States v. Andis, 333 F.3d 886 (8th Cir. 2003). Expressly excluded from this waiver of appeal is the following: (1) the defendant's right to appeal any sentence imposed which is greater than the upper limit of the sentencing guideline range determined by the sentencing court at the sentencing hearing.

The defendant agrees to waive any right to contest defendant's conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28

U.S.C. § 2255, ¶6(3) premised on a right newly recognized by the United States Supreme Court.

26. The defendant understands that neither the agreements as to the Sentencing Guidelines nor the recommendations concerning the sentence made by the parties are binding on the Court or the Probation and Pretrial Services Office. The defendant further understands that refusal by the Court to accept any or all such agreements or recommendations does not give the defendant a right to withdraw defendant's guilty plea.

27. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this plea agreement.

28. The undersigned Assistant United States Attorney and attorney for the defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota. Pursuant to Rule 32.1CR(B)(3), the undersigned attorneys acknowledge their obligation to attempt, using good-faith efforts, to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference and other informal procedures.

AGREED:

                                          CHRISTOPHER C. MYERS
                                        United States Attorney

Dated: 1-2-2018     By: _____
                                        Rick L. Volk
                                        Assistant United States Attorney


Dated: 12-19-2017     _____
                                        Patrick James Wilson
                                        Defendant


Dated: 12-19-2017     _____
                                        Challis Williams
                                        Attorney for Defendant