## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:17-CR-129 |
| | ) |
| vs. | ) |
| | ) **DEFENDANT PATRICK JAMES** |
| | ) **WILSON'S SENTENCING** |
| Patrick James Wilson Jr., | ) **MEMORANDUM** |
| Defendant. | ) |

Defendant, Patrick James Wilson Jr., by his attorney, Challis D. Williams, submits this memorandum to address issues pertinent to sentencing in his case.

### FACTS

[¶ 1]  On April 30, 2018, Mr. Wilson will appear before this Court for sentencing. On March 9, 2017, Bismarck Police officers were dispatched to a hotel in Bismarck due to the odor of marijuana emanating from within a hotel room. The room was rented by Mr. Wilson. Mr. Wilson was extremely cooperative during the encounter with law enforcement. A search warrant was obtained for the room and $67,000 was recovered. Through continuing investigation, it was learned that Mr. Wilson and one codefendant were traveling back and forth between Detroit, MI and North Dakota. Mr. Wilson and Mr. Grimes would bring oxycodone pills from Michigan, give them to two other codefendants who would distribute the pills and return the money to Mr. Wilson and Mr. Grimes.

[¶ 2]  A two-count indictment was filed on June 7, 2017, charging Mr. Wilson and others with distribution of a controlled substance. An arrest warrant was issued and Mr. Wilson appeared in the District of Michigan on July 28, 2018. On January 24, 2018, Mr. Wilson pled guilty to Count I of the superseding indictment.

[¶ 3]   Mr. Wilson has been extremely cooperative in this matter.  He fully admitted and accepted responsibility for his crimes and truly wishes to put this lifestyle behind him for the sake of himself, his mother, and his daughter whom he misses dearly.  Mr. Wilson does not dispute the gravity of the offense, nor does he dispute the harm his actions have caused to himself, his loved ones, and society.  Based upon Mr. Wilson's acceptance of responsibility and remorse he is respectfully requesting this Court impose, at most, 24 months incarceration along with a period of supervised release left to the discretion of the Court.

[¶ 4]   Mr. Wilson, through the undersigned Counsel, objected to his criminal history category through written objections sent to the pretrial services officer.  Although the calculations remain unchanged given the officer's response, Mr. Wilson would additionally like to advocate to this Court regarding his criminal history because he believes the presentence investigation report overstates his criminal history even if this Court finds the report correct.  The higher guideline sentence is not appropriate in Mr. Wilson's case.

[¶ 5]   When Mr. Wilson was 18 years old, he ultimately pled guilty under Michigan's Holmes Youthful Trainee Act to a 2nd Degree Home Invasion and Breaking and Entering a Building with Intent.  Mr. Wilson successfully completed the terms of his probation and was the charges were ultimately dismissed.  However, he was assessed a criminal history point because the pretrial services officer deemed the disposition a "diversionary disposition" rather than an expungement. Under the Holmes Youthful Trainee Act, after successful completion of a probationary sentence, the matter is treated as expunged and is ultimately sealed from public access.  Therefore, Mr. Wilson believes one point should be removed from his calculations.  This would result in his criminal history category being lowered from a III to a II.

## **LAW GOVERNING SENTENCING**

Sentencing Guidelines

[¶ 7]     On January 12, 2005, the United States Supreme Court held that the mandatory application of the United States Sentencing Guidelines violated the Sixth Amendment to the United States Constitution.  See United States v. Booker, 125 S. Ct. 738, 75-57 (2005).  Under Booker, a defendant's constitutional rights are not violated when the Court considers the guidelines in an advisory basis, as opposed to being strictly bound by the guidelines.  As a result, sentencing courts must calculate and consider the applicable guidelines range as one factor in determining the appropriate sentence.  Id.

[¶ 8]     In Rita v. United States, the Supreme Court examined the process used by the District Court during sentencing.  The Court noted:

> The sentencing judge, as a matter of process, will normally begin by considering the presentence report and its interpretation of the Guidelines.  He may hear arguments by prosecution or defense that the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, … perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless.  Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure.  In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal resumption that the Guidelines sentence should apply.

Rita, 551 U.S. 338 (2007) (internal citations omitted.)

[¶ 9]     Therefore, as the Court noted in Rita, this Court should engage in an analysis to determine any warranted departure from the guidelines.  This Court must determine a sentence that is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]."  The District Court need not apply a presumption of reasonableness to the listed guidelines amount, but instead "must … consider every convicted person as an individual and every case as

a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Id. at 364 (Stevens, J., concurring) (quoting Koon v. United States, 518 U.S. 81, 113 (1996)).

[¶ 10]    Per the terms of the plea agreement, the government will recommend a sentence of imprisonment within the Guideline range, recommend Mr. Wilson be ordered to serve a three-year term of supervised release, recommend Mr. Wilson be ordered to pay the applicable special assessment, and move to dismiss the remaining count of the Superseding Indicment. Mr. Wilson is free to advocate for any departure of various he believes is appropriate. According to the Presentence Investigation Report (PSIR), the guideline provisions indicate a final offense level of 25 and a criminal history category of III, with a guideline imprisonment range of 70-87 months. There is no mandatory minimum sentence applicable to Mr. Wilson's case. As noted previously, Mr. Wilson believes the guideline provisions should indicate a final offense level of 25 and a criminal history category of II, with a guideline imprisonment range of 63-78 months. Mr. Wilson is respectfully requesting this Court exercise its discretion and depart from the guideline range in imposing his sentence. A sentence of 24 months would be sufficient, but not greater than necessary, to comply with the purposes set for in 18 U.S.C. § 3553.

## ANALYSIS

[¶ 11]  The Defendant, Patrick James Wilson Jr., respectfully requests this Court sentence him to a period of 24 months with credit for time served. He would leave the term of supervised release to the Court but would request the Court waive any fines because of his inability to pay.

[¶ 12]  In imposing a sentence, the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). In determining a

proper sentence, the Court must consider the nature and circumstances of the offense and the history and characteristics of the Defendant. The sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide the defendant with needed education or vocational training, medical care, or other correction treatment in the most effective manner.

[¶ 13] District courts may determine the weight to give to the guidelines in any given case:

> The district court may determine on a case-by-case basis the relative weight to give the Guidelines in light of other 3553(a) factors. In some cases it may be appropriate to defer to the Guidelines; in others not.

United States v. Lazano, 490 F.3d 1317, 1324 (11th Cir. 2007). Specific characteristics of individual defendants, which district courts were once prohibited or discouraged from considered may now be considered. *See* Rita, *supra*, at 2473. Matters such as age, education, mental or emotional condition, and medical conditions, including drug or alcohol addiction are matters that § 3553(a) authorizes sentencing judges to consider. Id.

[¶ 14] Patrick James Wilson Jr. was born in Detroit, Michigan to Patrick Sr. and Angel Johnson. Mr. Wilson was raised primarily by his mother and grandmother. Unfortunately, Mr. Wilson lost his grandmother approximately four years ago, and has been grieving over her death ever since. He spent a lot of his childhood with her as his mother worked to provide for him and his family. Eight years ago, Mr. Wilson was blessed with a beautiful daughter, Madison, whom he adores and misses deeply. Mr. Wilson understands the difficulty his incarceration has caused for himself and his family. He has stated he doesn't tell his daughter or his younger siblings he is incarcerated because he does not want to disappoint them or for their views to change about him. Additionally, he understands and regrets the position his current situation has put his

longtime girlfriend in, as she is struggling financially to care for his daughter.  He only wants to return to his family and become an active, participating member in society to provide for them.

[¶ 15]   An identified strength from the presentence investigation report is Mr. Wilson's "limited criminal history."  However, even with his limited criminal history, he has been placed in Category IV of the sentencing table.  He has fared extremely well under community supervision and does not need an extended prison sentence before returning to society.  The presentence report severely overstates Mr. Wilson's criminal history.  He deserves leniency in sentencing in that regard, and perhaps a longer term of supervised release rather than imprisonment is appropriate.  Additionally, although Mr. Wilson has few friends, he has an extremely strong support system in his mother, grandfather, uncle, church pastor, and longtime girlfriend.  Mr. Wilson wants to change his lifestyle; he has shown serious remorse; he has taken responsibility for his actions; and he wants to put drugs in his past.  He wants nothing to do with drugs or a criminal lifestyle and wants to become a productive member of society and raise his daughter.

[¶ 15]   Mr. Wilson understands the severity of his actions but he also understands that this incident alone does not define him as a person. Mr. Wilson is a quiet individual who mostly keeps to himself, but will not hesitate to help someone in need.  He volunteered with the children's ministry and used to play drums for the church.  He wants to be a positive role model in the life of his child, as well as in the lives of his younger siblings.  Mr. Wilson understands the negative impact drugs have had on his life and wants to permanently remove them from his life in order to move on and be the best father and family member he knows he can be.  He readily admitted drugs have caused problems in his life—including straining his relationship with his mother and girlfriend—as well as potentially costing him jobs in the past.  The first step in

6

solving any problem is recognizing there is one.  Mr. Wilson has recognized drugs have been a problem and wants desperately to fix that problem.

[¶ 16]  Mr. Wilson understands the severity of his crime and the seriousness of his addiction.  However, Mr. Wilson has expressed a desire to change to remain law abiding for the remainder of his life.  He understands treatment programs can and will help him succeed in achieving these goals, but that he needs to stay committed to living a drug-free life.  He knows a treatment program cannot help him if his desire to change is not honest and if he does not put in the effort to succeed.  Mr. Wilson wants nothing more than to succeed.  He desires to obtain his GED and go to college.  He wants to open his own business or possibly take over his grandfather's sandblasting business in the future.  He loves working with his hands and he is good at it.  He can get an education and provide for his family—but he can't do it behind bars.  Mr. Wilson is still young and has great opportunities to be a contributing member of society for many years to come, but he needs the opportunity to do it sooner rather than later.

[¶ 17]  To reiterate, Mr. Wilson is not making excuses for his conduct nor trying to shift the blame to anyone but himself.  He knows he messed up and that he's had a couple hiccups along the way, but he has also shown, and will continue to show, deep remorse and guilt for his conduct.  Mr. Wilson simply wants to get home in order to put his past behind him and become a contributing member of society and raise his beautiful daughter.  Mr. Wilson is the perfect individual for this Court to exercise its discretion and depart downward from the sentencing guidelines.

## CONCLUSION

[¶ 18]  For all the foregoing reasons the Defendant, Patrick James Wilson Jr., respectfully requests the court to sentence him as follows:

1:17-CR-129: A term of 24 months imprisonment with credit for time served. Mr. Wilson would leave the term of supervised release to the judgment of the Court but would like the Court to consider placing him on additional supervised release rather than an extended term of imprisonment, as he has shown he is extremely amenable to probation and has previously fared well on release.  A sentence of 24 months would be more than sufficient to comply with the purposes of 18 U.S.C. § 3553, but would not be greater than necessary to do so.

Dated this 23rd day of April, 2018.

**REICHERT LAW OFFICE**

/s/ Challis D. Williams
**CHALLIS D. WILLIAMS**
118 Belmont Road
Grand Forks, ND 58201
Telephone: (701) 787-8802
supportstaff@reichertlaw.com
Attorney for Defendant